UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JORDAN TALLEY-SMITH,

    Plaintiff,

    v.

KATHLEEN ANN SULLIVAN, et al.,

    Defendants.

Case No. 2:25-CV-252-GSL-AZ

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Rule 59(e) Motion to Alter or Amend the Judgment, [DE 44], filed on November 10, 2025. For the following reasons, the Motion, [DE 44], is **DENIED**.

### *Background*

Plaintiff, proceeding *pro se*, initiated this lawsuit on June 5, 2025. [DE 1]. He then filed an Amended Complaint at [DE 7] on July 30, 2025. Defendants filed their Motion to Stay Answering Deadline and Screen *Pro Se* Complaint at [DE 33], which was granted. The Court screened and ultimately dismissed Plaintiff's *pro se* Amended Complaint. [DE 42]. Plaintiff now brings a Motion to Reconsider, [DE 44]. Having reviewed both that Motion and the Court's Order at [DE 42], the Court is ready to rule.

### *Legal Standard*

Under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). However, "relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case …". *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)).

### *Discussion*

In the instant Motion, Plaintiff, reasserting arguments previously made, argues that screening under 28 U.S.C. § 1915(e) was inappropriate here, where he is not proceeding *in forma pauperis*. The Court disagrees. As discussed in the Court's Order at [DE 42], district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. *Vandenboom v. Indoi Agency*, 2022 U.S. Dist. LEXIS 190639, at *1-2 (S.D. Ind. Oct. 18, 2022) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

Moving to Plaintiff's next argument, he believes the Court mischaracterized his claims as "status-based" rather than constitutional, but the Court's Order specifically called out each of the constitutional claims that Plaintiff attempted to bring. [DE 42, Page 5-7]. Plaintiff next argues that the Court dismissed his fourth amendment claims without addressing the record. [DE 44, Pages 3-4]. Despite the fact that the only record Plaintiff provided this Court with was an unverified transcript, the Court did in-fact discuss it. [DE 42 at 6]. Plaintiff also argues that his fourteenth amendment claim for procedural due process was overlooked, however, the Court directs Plaintiff to [DE 42 at 5-6], where that claim is addressed and reminds him that "[a] public official or

2

employee is entitled to quasi-judicial absolute immunity for all actions related to executing a facially valid court order. *Morris v. Miess*, 2007 U.S. Dist. LEXIS 24599, at *8 (W.D. Wis. Mar. 29, 2007) (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986)). The BMV employees are not liable for Plaintiff's alleged procedural due process violations. Finally, Plaintiff argues that his Complaint was dismissed without leave to amend, despite correctable deficiencies, but as discussed in the Court's Order, [DE 42], that's not the case.

## *Conclusion*

Plaintiff largely reasserts previously addressed arguments. For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Reconsider [DE 44].

SO ORDERED.

ENTERED: December 10, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court